IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLARA ANN REYNOLDS,

       Plaintiff,

vs.                                                                                                      No. CV 15-766 CG

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SSA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Clara Ann Reynolds' *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, with Supporting Memorandum*, (Doc. 30), filed August 3, 2016; Defendant's *Objections to Plaintiff's Motion for Attorney's Fees Pursuant to Equal Access to Justice Act*, (Doc. 31), filed August 17, 2016; and Plaintiff's *Reply to Defendant's Objections to Plaintiff's Motion for Attorney's Fees Pursuant to EAJA*, (Doc. 32), filed August 19, 2016. Having reviewed the Motion, the Response, the Reply, and the relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

### I.  Background

On April 16, 2013, Plaintiff Cara Ann Reynolds filed an application for supplemental security income ("SSI") and disability insurance benefits ("DIB"), alleging disability beginning August 1, 2010. (Administrative Record "AR" 12). Her applications were denied initially, (AR 104–11), upon reconsideration, (AR 112–17), and following a hearing before an Administrative Law Judge ("ALJ"), (AR 19). Ms. Reynolds thereafter filed for review by the Appeals Council, (AR 7–8), which was denied, (AR 1–6), making

the ALJ's decision the final decision of the Commissioner of the Social Security Administration (the "Commissioner").

Ms. Reynolds then appealed to this Court, arguing the Commissioner committed reversible legal error by: (1) formulating an incomplete, conclusory, and unsupported Residual Functional Capacity ("RFC"); (2) relying on the sporadic nature of Ms. Reynolds' treatment in determining the RFC; (3) incorrectly applying the grids at 20 C.F.R. § 404, subpart P, appendix 2, without taking testimony from a vocational expert; and (4) relying on improper factors in making a credibility finding. (Doc. 20 at 3–4). The Court reversed and remanded the Agency's decision because the ALJ improperly analyzed and weighed several medical opinions. (Doc. 29).

Ms. Reynolds now moves the Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 30). She argues that an award of attorney's fees is appropriate because she was the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 30 at 1).

**II.   Analysis**

   A. Standard of Review

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.*

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

    B.  <u>The Commissioner's Position Was Not Substantially Justified</u>

The Court reversed and remanded the ALJ's decision because the ALJ failed to adequately evaluate and weigh several medical opinions. (Doc. 29 at 7–15). The record contains reports from several medical sources, both physicians and psychologists, who opined regarding Ms. Reynolds' impairments and limitations. In his decision, the ALJ broadly referenced "the medical evidence" several times, but did not state the weight that he gave many of the medical opinions, nor the reasons for any weight given. (AR 16–18). Additionally, the ALJ stated "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined" in his decision. (AR 18).

The ALJ made two statements as to weight in his decision. First, the ALJ stated Ms. Reynolds' "subjective symptoms are accorded no weight" because of her "false denials concerning her substance use and her sporadic mental health treatment." (AR 18). Second, the ALJ said he gave the "State agency opinion" only "some weight," again because of Ms. Reynolds' repeated denials of drug use. (AR 18).

On motion to reverse and remand, the Commissioner argued that the ALJ's RFC finding and credibility determination were supported by substantial evidence. (Doc. 24 at 2). The Commissioner further argued that the ALJ appropriately rejected the medical opinions because they were based solely on Ms. Reynolds' statements, which the ALJ did not find credible. (Doc. 24 at 15). Finally, the Commissioner claimed that even if the ALJ incorporated medical opinions, he would not have found Ms. Reynolds disabled. (Doc. 24 at 17–19).

This Court rejected the Commissioner's arguments for several reasons. First, the Court recognized the ALJ's clear mandate to discuss and weigh every opinion in the record. (Doc. 29 at 6–7) (citing *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003), *Langley v. Barnhart*, 373 F.3d 1116 (10th Cir. 2004), *Kerwin v. Astrue*, No. 06-6343, 244 Fed. Appx. 880, 884 (10th Cir. Aug. 8, 2007) (unpublished); 20 C.F.R. §§ 416.927(b)–(d); and Social Security Regulation ("SSR") 96-6p, 1996 WL 374180). The Court then noted that it was unclear from the ALJ's opinion whether he evaluated or weighed certain medical opinions at all. (Doc. 29 at 9, 13, 15). The record contains opinions from six State agency sources–two examiners and four non-examining consultants–so it is unclear whose opinion the ALJ gave "some weight." (Doc. 29 at 9). Further, several of the sources expressed opinions regarding Ms. Reynolds' physical

4

and mental RFC, which did in fact contain limitations greater than those in the ALJ's decision. (*E.g.* AR 47–52, 61–66, 80–86, 95–100). The ALJ failed to discuss these statements as required. *See* 20 C.F.R. §§ 404.1527(f), 514.927(f); SSR 96-5p, 1996 WL 374283 (July 2, 1996). In sum, the ALJ's failure to demonstrate he evaluated and weighed all medical opinions in the record was reversible legal error.

The Commissioner now argues that her position was substantially justified because: (1) the ALJ said he considered all opinion evidence and the Court should take the ALJ at his word; (2) the ALJ validly discounted most of the opinions because they were based on Ms. Reynolds' statements and were inconsistent with the record as a whole; and (3) two examining physicians provided diagnoses but not opinions as to Ms. Reynolds' RFC (Doc. 31 at 2–3). For the following reasons, the Court finds that the Commissioner's position was not substantially justified.

First, the Commissioner is correct that the Tenth Circuit Court of Appeals' "general practice … [is] to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). However, the ALJ is required to explicitly evaluate, weigh, and explain the weight given to medical opinions in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c); SSR 96-6p, 1996 WL 374180 (July 2, 1996). The ALJ is also required to consider and address opinions regarding a claimant's RFC. 20 C.F.R. §§ 404.1527(f), 514.927(f); SSR 96-5p, 1996 WL 374283 (July 2, 1996). In this case, the ALJ's decision simply does not contain any discussion of several of the medical opinions. It is not reasonable to ask this Court to take the ALJ at his word with so little evidence that the ALJ actually evaluated and weighed all of the opinions in the record.

Second, the Commissioner argues that the ALJ appropriately discounted many of the medical opinions because they were based on Ms. Reynolds' subjective complaints, which were inconsistent with the record as a whole. (Doc. 31 at 2–3). Again, the ALJ's only statements as to weight were that Ms. Reynolds' subjective symptoms were "accorded no weight" and the "State agency opinion" was accorded "some weight" based on Ms. Reynolds' credibility. (AR 18). The ALJ did not, at any point in his decision, expressly dismiss any medical opinions because they were inconsistent with the record as a whole.

It is well settled that reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision" and may not make a "'post hoc effort to salvage'" a decision. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). In effect, the Commissioner is asking the Court to salvage the ALJ's decision by inferring what he meant, rather than referencing what he actually said. (Doc. 31 at 3). The Court does not find that position reasonable in law or fact.

Finally, the Commissioner states that two examiners merely diagnosed Ms. Reynolds and did not provide opinions regarding Ms. Reynolds' RFC for the ALJ to discuss, therefore the ALJ was not required to discuss their opinions. (Doc. 31 at 3). Contrary to the Commissioner's implication, diagnoses are medical opinions that ALJ's are required to evaluate and weigh. 20 C.F.R. §§ 404.1527(a)(2), 416.907(a)(2). The Commissioner cites no authority for the proposition that ALJs are not required to discuss diagnoses, nor any authority stating that ALJs need only discuss opinions as to a claimant's RFC. As such, that position is not reasonable in law or fact.

6

### III.     Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds that Ms. Reynolds is entitled to an award of attorney's fees under EAJA. The Court **FINDS** that Ms. Reynolds' Motion for Fees should be **GRANTED**. The Court will award Plaintiff $6,612.00 in attorney fees.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, with Supporting Memorandum*, (Doc. 30), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $6,612.00. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATE MAGISTRATE JUDGE